## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORERS' LOCAL #231 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | C.A. No. 1:17-cv-00478-MAK |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| RORY J. COWAN, et al., | |
| Defendants. | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS

OF COUNSEL:

**ROBBINS GELLER RUDMAN
   & DOWD LLP**
Randall J. Baron
David T. Wissbroecker
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

– and –

Christopher H. Lyons (#5493)
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

*Lead Counsel for Plaintiff*

**ANDREWS & SPRINGER LLC**
Peter B. Andrews (#4623)
Craig J. Springer (#5529)
David M. Sborz (#6203)
3801 Kennett Pike Building C, Suite 305
Wilmington, DE  19807
Telephone:  302/504-4957
302/397-2681 (fax)
Email:  pandrews@andrewsspringer.com
      cspringer@andrewsspringer.com
      dsborz@andrewsspringer.com

*Delaware Counsel for Plaintiff*

In this securities action, two key issues are (1) Lionbridge's[1] plans for acquisition-based growth, including how those plans compared to the projections underlying the fairness opinion the Board cited as a "positive reason" to support the Merger; and (2) Defendants' knowledge of those plans. Rather than let Plaintiff investigate and prove its claims, however, Defendants are trying to head Plaintiff's claims off at the pass, by refusing even to search their own files for relevant documents. Defendants should be compelled to satisfy their discovery obligations.  The Court has already held that Plaintiff adequately alleged Lionbridge

> did not disclose to its shareholders it omitted acquisition based growth in its financial projections. This omission conflicts with the information a reasonable investor could have taken from the representation in the proxy. The board allegedly **knew** its projections and Union Square's fairness opinion did not account for acquisition based growth but simultaneously expressed confidence in the same opinion to its shareholders. Pension Fund states a claim under Section 14 based on the board's expressed belief Union Square's fairness opinion is a positive reason supporting its decision to approve the merger.

ECF No. 42 at 20-21. The Court also found Plaintiff's claim "sounds in fraud." *Id.* at 10 & n.78.[2]

Plaintiff served document requests on July 5, 2018. On July 9, the parties exchanged initial disclosures. Defendants listed the ten individual defendants, Lionbridge's Senior Vice President of Corporate Development and Strategic Business Planning, an HIG representative, and a Union Square representative as "likely to have discoverable information that Defendants may use to support their defenses in this action." Ex. 1, at 1-8. On August 13, 2018, Defendants served electronic discovery disclosures. Ex. 2. These listed only three custodians as the supposed "most

---

[1]     Capitalized terms not defined in this motion have the meaning given to them in the Second Amended Complaint. ECF No. 34. Unless otherwise noted, all emphases are added by Plaintiff.

[2]     *See also* ECF No. 51, at 3 (Plaintiff adequately pled the "board **knew** the fact the projections did not account for acquisition based growth, but based on the 'positive reason' statement, a shareholder could conclude Lionbridge placed confidence in Union Square's fairness opinion and Lionbridge believed Union Square accurately analyzed its potential for future growth").

likely custodians of relevant electronic materials," and said, even as to those custodians, Defendants did "not anticipate conducting custodian-based searches." *Id.* at 1-2.

Surprised and concerned by Defendants' apparent refusal even to search the files of the individual defendants, the employee responsible for acquisitions, or any HIG representatives, Plaintiff wrote Defendants on August 17, 2018. Ex. 3. Defendants responded on August 23, reiterating their unwillingness to run "custodian-based searches." Ex. 4.[3] The parties met and conferred telephonically on August 24, but were unable to resolve their differences.

Rule 26 allows Plaintiff to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.26(b)(1). In weighing proportionality, considerations include that there is a significant "amount in controversy" – Plaintiff challenges a $360 million Merger – and Defendants cannot show that "the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Most crucially, though, the documents in these custodians' files are of tremendous "importance . . . in resolving the issues" in this case. *Id.* Defendants lean heavily on the fact their motion was denied as to "a single representation," *e.g.*, Ex. 4, at 1, but ignore that trying that claim requires evidence as to, at least, Lionbridge's acquisition plans (informed by its acquisition history); Lionbridge's projections (with and without acquisitions); Union Square's fairness opinion (and how including acquisitions would affect it); the process leading to the Merger (relevant to scienter and damages); the Proxy's drafting; and Defendants' knowledge as to each of the foregoing. Plaintiff cannot reasonably present its case on these issues without Defendants' documents. While Defendants' desire to conceal their communications is understandable,

---

[3]     Defendants served objections to Plaintiff's document requests on August 22. Plaintiff has serious disagreements with many of Defendants' objections, but they are not addressed here. Plaintiff hopes the parties can resolve that dispute, with the Court's guidance as to custodians.

documents formally presented at Board meetings, and thus collectible with "targeted" collections through the corporate secretary, are not the only documents relevant to these issues.

Plaintiff also needs documents from Lionbridge's leader of Corporate Development and Strategic Business Planning, Sara Buda. Defendants identified Buda as "likely to have discoverable information about Lionbridge's plans and ability to acquire future companies if it remained a standalone company." Ex. 1, at 2. Buda describes herself as having, among other relevant tasks at Lionbridge, "[l]ed strategic initiatives including M&A, business planning and strategy," "create[d] actionable business plans for the Company's business units," and "[l]ed the Company's pursuit of strategic alternatives that resulted in the successful sale to a private equity firm." Ex. 5. There seems to be no individual more central to Lionbridge's acquisition plans.

For similar reasons, Defendants must produce documents from Matt Lozow, Aaron Tolson, and Arjun Mohan of HIG. Each is on Lionbridge's post-Merger board and is responsible for "sourcing," "financing," and "executing" investments at HIG. Ex. 6. Clearly, these are the HIG representatives most involved in the Merger and most likely to have documents about Lionbridge's acquisition plans, like notes of conversations with the individual defendants about those plans. Similarly, these three probably were among the most involved at HIG in the Proxy's drafting, and so most likely to have information relevant to the §20(a) claim against HIG.

Defendants' assertion some of these people have duplicative documents is irrelevant. Defendants cannot show these people's documents are *entirely* (or even mostly) duplicative. And in any event, any modern document processing system will de-duplicate documents across custodians, so Defendants need only review and produce one copy of any duplicated document.

For these reasons, Plaintiff requests an order in the form attached to this motion.

**OF COUNSEL**:

**ROBBINS GELLER RUDMAN & DOWD LLP**
Randall J. Baron
David T. Wissbroecker
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

**ROBBINS GELLER RUDMAN & DOWD LLP**
Christopher H. Lyons (#5493)
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

*Lead Counsel for Plaintiff*

**CAVANAGH & O'HARA**
Patrick J. O'Hara
2319 West Jefferson Street
Springfield, IL  62702
Telephone:  217/544-1771
217/544-9894 (fax)

*Additional Counsel for Plaintiff*

DATED:  August 27, 2018

**ANDREWS & SPRINGER LLC**
By:  */s/ David M. Sborz*
Peter B. Andrews (#4623)
Craig J. Springer (#5529)
David M. Sborz (#6203)
3801 Kennett Pike Building C, Suite 305
Wilmington, DE  19807
Telephone:  302/504-4957
302/397-2681 (fax)
Email:  pandrews@andrewsspringer.com
           cspringer@andrewsspringer.com
           dsborz@andrewsspringer.com

*Delaware Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served in the form

specified below on the undersigned date on the following counsel for Defendants:

<u>BY ECF</u>

David J. Teklits (#3221)
Thomas P. Will (#6086)
**MORRIS, NICHOLS, ARSHT &
   TUNNELL LLP**
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
dteklits@mnat.com
twill@mnat.com

*Counsel for Rory J. Cowan, Edward A.
Blechschmidt, Michael Dallas, Guy L. de
Chazal, Susan Kantor, Paul A. Kavanagh,
Jack Noonan, James A. Quella, Claude P.
Sheer, and Marc Litz*

DATED:  August 27, 2018

Elena C. Norman (#4780)
Anne Shea Gaza (#4093)
**YOUNG CONAWAY STARGATT
   & TAYLOR LLP**
1000 North King Street
Wilmington, DE 19801
(302) 571-5029
(302) 576-3402 (fax)
ENorman@ycst.com
AGaza@ycst.com

*Counsel for Defendants Lionbridge
Technologies, Inc., H.I.G. Capital,
LLC, LBT Acquisition, Inc., and LBT
Merger Sub, Inc.*

By: /s/ *David M. Sborz*
David M. Sborz (#6203)
**ANDREWS & SPRINGER LLC**
3801 Kennett Pike Building C, Suite 305
Wilmington, DE  19807
Telephone:  302/504-4957
302/397-2681 (fax)
Email:  dsborz@andrewsspringer.com

*Delaware Counsel for Plaintiff*