IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORERS' LOCAL #231 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RORY J. COWAN, EDWARD A. BLECHSCHMIDT, MICHAEL G. DALLAS, GUY L. de CHAZAL, SUSAN JANE KANTOR, PAUL A. KAVANAUGH, JACK NOONAN, JAMES A. QUELLA, CLAUDE P. SHEER, MARC LITZ, H.I.G. CAPITAL LLC, LBT ACQUISITION, INC. and LIONBRIDGE TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 17-478-CFC |

## **MEMORANDUM ORDER**

Lead Plaintiff Laborers' Local #231 Pension Fund (Plaintiff), pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Court's Second Amended Scheduling Order (D.I. 143), filed a Motion for Leave to Amend the Complaint

(D.I. 163) on May 14, 2019—the final day amendments were permitted under the then-operative scheduling order.

In Plaintiff's words, it sought to amend the Second Amended Complaint in order to add allegations that (1) "the Proxy made materially misleading statements about how Defendants <u>altered the projections</u> that Union Square relied on[;]" (2) the Proxy falsely stated that "<u>each set of projections</u> was not materially different from <u>the December projections</u> except that <u>the December projections</u> were updated to provide for the 2017 fiscal year forecast based on the updated 2016 fiscal year forecasts[;]"(3) the Proxy's statements that "<u>the disclosed projections</u> included forecasts by management for the full fiscal years 2016 and 2017, and <u>extrapolated projections</u> for calendar years 2018 through 2020 prepared by Union Square" and that "management previously prepared a set of <u>financial projections</u> which included full year forecasted results for 2016 and 2017" while literally true were misleading because the Proxy omitted "that <u>those projections</u> also included full year forecasted results for 2018 through 2020 prepared by management, rather than Union Square, and that reflected markedly different growth rates[;]" and (4) the Proxy "misleadingly states that <u>the July projections</u> were not materially different from <u>the December Projections</u> summarized above except that <u>these projections</u> were based on preliminary results through June 30, 2016 and expectations for the remainder of 2016 resulting in 2016 Adjusted EBITDA figures approximately 12%

ii

higher than the December Projections summarized above." Reply in Support of Plaintiffs' Motion for Leave to Amend Its Complaint, D.I. 174 at 3–4 (quotation marks and citations omitted) (emphasis added). In short, Plaintiff's proposed amendments all pertain to the financial projections for Lionbridge that were included in the proxy statement. *See* D.I. 164-1 ¶137 ("The misleading statements and omissions regarding the pessimistic projections, in turn, caused shareholders to believe that the Merger was more attractive . . .").

These projections were the principal subject of the Court's July 2, 2018 Memorandum in which the Court explained why it was granting in part and denying in part Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* D.I. 42. The Court explained then that the correct way to evaluate these projections and the disclaimer that accompanied them was under *OFI Asset Management v. Cooper Tire & Rubber*, 834 F.3d 481 (3d Cir. 2016).

*OFI* concerned a merger between Apollo Tyres Ltd. and Cooper Tire & Rubber Company. *OFI*, 834 F.3d at 486. As part of the merger process, Cooper Tire issued a proxy statement, which included the following disclaimer:

> [The] financial projections set forth below are included in this proxy statement only because this information was provided to the Apollo Parties . . . in connection with a potential transaction involving Cooper Tire . . . *You should not regard the inclusion of these projections in this proxy statement as an indication that Cooper Tire, the Apollo Parties, [or other relevant parties] considered or consider*

> *the projections to be necessarily predictive of actual future events, and you should not rely on the projections as such.*

*Id.* at 501 (alteration and emphasis in original). The disclaimer also made it clear that the projections were "outdated" and it explicitly stated that the party that prepared the proxy statement "'d[id] not intend to update' them." *Id.* (alteration in the original) (citation omitted).

Although the *OFI* Plaintiffs alleged that the financial projections included in the proxy statement were false and misleading, the Third Circuit concluded that the projections accused of being false and misleading were "plainly not included as statements of fact." *See id.* at 500–01. According to the Court, "the only relevant statement of fact is that the projections were, in fact, the projections that Cooper provided to Apollo and the financing bank during the negotiation of the deal." *Id.* at 501. Because the Plaintiff had not alleged that Cooper had provided Apollo or the financing bank with a different set of projections during negotiations, Plaintiff had not identified a false or misleading statement. *Id.*

As in *OFI*, the Proxy Statement in this case included a disclaimer that, among other things, stated the projections were "included solely to give the Lionbridge stockholders access to certain financial projections that were made available to the Special Committee, our Board of Directors and Union Square, and is not included in this proxy statement to influence a Lionbridge stockholder's decision whether to vote for the merger agreement or for any other purpose." D.I.

17-1 at 53. Accordingly, the Court found in its July 2, 2018 Memorandum that "the only relevant statement of fact a shareholder may draw from the inclusion of the projections [in the Proxy Statement] is [that] Lionbridge provided the same projections to its special committee of independent directors and to Union Square in assessing the proposed merger[.]" D.I. 42 at 12. Because Plaintiff's Second Amended Complaint alleged that "Lionbridge provided the same allegedly flawed projections to its board, special committee, and financial advisors as it did its shareholders[]" the only relevant statement of fact regarding the projections was alleged to be true and therefore Plaintiff "fail[ed] to allege a false or misleading statement under Section 14(a)." D.I. 42 at 13–14.

Nothing has changed since the Court issued its July 2, 2018 Memorandum. Plaintiff's new allegations pertain to the projections. Under *OFI*, the only relevant statement of fact about the projections is that the projections were made available to the special committee, Lionbridge's board of directors, and Union Square. Plaintiff's proposed amendments do not allege that the projections were not provided to the special committee, Lionbridge's board of directors, and to Union Square. Therefore, under *OFI* Plaintiff's proposed amendments fail to allege a false or misleading statement under Section 14(a).

Futility is a proper ground to deny a motion for leave to amend. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997). The

v

Court finds that under *OFI* the proposed amended complaint would fail to state a claim upon which relief could be granted and therefore amendment is futile. *See id.* at 1434.

**NOW THEREFORE**, at Wilmington this Seventh day of February in 2020, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint (D.I. 163) is **DENIED.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE